**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONNIE RAY VENTRIS,

     Plaintiff - Appellant,

v.

STATE OF KANSAS; JACK
DANIELS, Montgomery County
Sheriff; RON ROOKS, Montgomery
County Detective; ROBERT W.
DIERKS, Montgomery County
Detective; RON WADE, Montgomery
County Detective; STEVE FRYBACK,
Montgomery County Officer; F.
WILLIAM CULLIN, Montgomery
County Attorney,

     Defendants - Appellees.

No. 12-3310
(D.C. No. 5:11-CV-03013-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON,** Circuit Judges.[**]

     Plaintiff-Appellant Donnie Ray Ventris, a state inmate proceeding pro se,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appeals from the district court's order dismissing his 42 U.S.C. § 1983 civil rights complaint. Ventris v. Kansas, No. 11-3013-SAC, 2012 WL 4933324 (D. Kan. Oct. 16, 2012). The district court also denied reconsideration. Ventris v. Kansas, No. 11-3013-SAC, 2012 WL 5354587 (D. Kan. Oct. 30, 2012).

He alleges various constitutional violations arising during his Kansas state court criminal proceedings for burglary and aggravated robbery. He named as Defendants the County Attorney, the Sheriff, various detectives associated with the investigation, and at least one law enforcement officer. The district court first dismissed Counts II–V of his complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Ventris v. Kansas, No. 11-3013-SAC, 2011 WL 4436618, at *1–2 (Sept. 22, 2011). It later dismissed Count I as precluded by the statute of limitations. Ventris, 2012 WL 4933324, at *2–7. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons given by the district court.

Heck bars 42 U.S.C. § 1983 causes of action which necessarily challenge the validity of a conviction or sentence until that conviction or sentence is invalidated or called into question. 512 U.S. at 486–87. Mr. Ventris claims that he is incarcerated for crimes he did not commit, that known perjured testimony was introduced at his trial, that evidence was manufactured and withheld from him, and that the state failed to retry him within ninety days. R. 102–04; Aplt. Br. 2–3. All of these claims challenge the validity of his conviction, which has

not been invalidated or questioned, and they are therefore barred by Heck. 512 U.S. at 486–87.

Mr. Ventris's remaining claim—that the State improperly placed an informant in his jail cell before trial—is barred by the statute of limitations. Kansas's two-year statute of limitations for personal injury actions governs civil rights claims under 42 U.S.C. § 1983. Kan. Stat. Ann. § 60-513(a); Brown v. Unified Sch. Dist. 501, 465 F.3d 1184, 1188 (10th Cir. 2006). The accrual date, however, is a question of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims arising out of police actions towards criminal suspects generally accrue when the actions occur, and claims alleging denial of a fair trial are presumed to accrue at the time the trial concludes. Johnson v. Johnson Cnty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Mr. Ventris was convicted in 2004 and his conviction was affirmed in 2006 despite his arguments of allegedly improper informant testimony and an otherwise unfair trial. R. 170–72. He failed to file this suit until January 12, 2011. Id. at 3. Contrary to Mr. Ventris's arguments, nothing tolled the period during this delay. See, e.g., Kan. Stat. Ann. § 60-515(a). This claim is therefore barred by the statute of limitations.

AFFIRMED. The motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 3 -